```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA


JAMES ALBERT LINT,                  )
                Plaintiff,          )
                                    )
        v.                          )   Civil Action No. 05-99
                                    )   Judge Arthur J. Schwab
M. SUSAN RUFNER; SUMNER PARKER;     )   Magistrate Judge Hay
MITCHELL A. KAUFMAN; and JAMES      )
R. WILSON,                          )
                Defendants.         )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by Defendant Kaufman (doc. no. 11) be granted, and that the Motion to Dismiss filed by Defendants Rufner, Parker, Kaufman, and Wilson (doc. no. 26) be granted.

II.  REPORT

Plaintiff, James Albert Lint, an inmate currently incarcerated at the State Correctional Institution at Waymart, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.  Named as the Defendants are the previous Public Defender of Allegheny County, M. Susan Ruffner, and three individuals currently and/or previously acting as assistant public defenders in the Public Defender's Office of Allegheny County, Pennsylvania.  Plaintiff claims that Defendants violated his constitutional rights by failing to answer his request for discovery materials on or about October 10, 2000.

For the reasons that follow, the Complaint should be dismissed because none of the Defendants acted under color of state claw for purposes of imposing liability under 42 U.S.C. § 1983.

All of the Defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  A motion to dismiss cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true.  Estelle v. Gamble, 429 U.S. 97 (1976).  Although this Court is required to construe *pro se* complaints liberally,[1] particularly in the context of dismissal on the basis of frivolousness or for failure to state a claim, this Court is not free to speculate that a plaintiff might be able to state a claim if given another opportunity to add more facts to the complaint.  Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir.), *cert. denied*, 513 U.S. 883 (1994).

---

1. See Haines v. Kerner, 404 U.S. 519 (1972).

To state a claim under section 1983, a plaintiff must meet two threshold requirements.  He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).  If the record does not reflect that the defendant acted under color of state law when engaged in the alleged misconduct, a civil rights claim under section 1983 fails as a matter of jurisdiction, Polk County v. Dodson, 454 U.S. 312, 315 (1981), and there is no need to determine whether a federal right has been violated.  Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

It is well-settled that a public defender does not act under color of state law for purposes of section 1983 liability when performing the traditional role of counsel for a criminal defendant.  Polk County v. Dodson, 454 U.S. 312, 315 (1981).  A public defender, although employed by the state, exercises "independent judgement on behalf of his client."  *Id*. at 321.  Because the function of a public defender is to represent his client in a manner that conflicts with state interests, a public defender is not a state actor when acting as an advocate for his client.  *Id*. at 324.

3

Plaintiff's allegations fail to demonstrate any basis for this court to conclude that any Defendant acted under color of state law, a prerequisite to finding jurisdiction. Defendants' alleged failure to provide discovery materials relates to the role of plaintiff's attorney. *See* Williams v. Dark, 844 F.Supp. 210 (E. D. Pa. 1993) (holding that appellate counsel was not a "state actor" within the meaning of § 1983 when he allegedly failed to provide the inmate with discoverable documents), *aff'd*, 19 F.3d 645 (3d Cir. 1994). Thus, Defendants' motions should be granted.

### III. CONCLUSION

It is respectfully recommended that the Motion to Dismiss filed by Defendant Kaufman (doc. no. 11) be granted, and that the Motion to Dismiss filed by Defendants Rufner, Parker, Kaufman, and Wilson (doc. no. 26) be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections

to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                          Respectfully submitted,

                                          /s/   Amy Reynolds Hay
                                          AMY REYNOLDS HAY
                                          United States Magistrate Judge

Dated:   17 February, 2006

cc:  Hon. Arthur J. Schwab
     United States District Judge

     James Albert Lint
     DY-8760
     SCI Waymart
     P.O. Box 256
     Waymart, PA 18472-0256

     Mitchell A. Kaufman, Esq.
     390 Northcoast Point Drive
     Eastlake, OH 44095

     Carl B. Zacharia, Esq.
     Allegheny County Law Department
     300 Fort Pitt Commons
     445 Fort Pitt Boulevard
     Pittsburgh, PA 15219